TRINA A. HIGGINS, United States Attorney (#7349)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801)524-5682

___

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. BRENT GOLDBURN KNUDSON, Defendant. | **UNITED STATES' POSITION REGARDING DETENTION** Case No. 2:22-cr-481 CW |

☐   The United States is not seeking detention.

☐   Detention is not at issue because this is an immigration reentry case where the defendant has opted to participate in the fast track program, which includes agreeing to detention for the pendency of this case.

☒   The United States moves for detention based on current information. The United States' positions in this preliminary pleading could change after reviewing the Pretrial Report or learning of additional evidence. The United States reserves the right to assert positions even if the boxes next to those positions are not checked below, raise additional arguments, and file additional pleadings in support of detention. The United States' motion for detention is:

☐ Pursuant to 18 U.S.C. § 3142(f)(1) because defendant is charged with:

☐ **(A)** a crime of violence (*see* 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C.

§ 1591 (sex trafficking of children), or an offense under § 2332b(g)(5)(B) (specific enumerated crimes) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if the defendant has been convicted of two or more offenses described in (a) through (c) above, or two or more State or local offenses that would have been offenses described in (a) through (c) above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(E)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250;

**OR**

☒ Pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

☐ **(A)** a serious risk the defendant will flee; **or**
☒ **(B)** a serious risk the defendant will obstruct or attempt to obstruct justice, or threaten, injure, intimidate, attempt to threaten, injure or intimidate a prospective witness or juror.

**Procedure**

The defendant may seek a continuance of the detention hearing of up to five days, and the United States may seek a continuance of up to three days. 18 U.S.C. § 3142(f). During any such continuance, the defendant shall be detained. *Id*. The rules concerning the admissibility of evidence do not apply at the detention hearing. *Id*. The United States has the burden of persuasion by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community or by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. *Id*.; *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

# Rebuttable Presumption

☐ A rebuttable presumption applies and the defendant bears the burden to produce some credible evidence to rebut this presumption. The United States acknowledges that it retains the burden of persuasion. The statutory presumption applies:

> ☐ Pursuant to 18 U.S.C. § 3142(e)(2) *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because:
>
>> **(A)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
>>
>> **(B)** the defendant committed that offense while on release pending trial for a Federal, State, or local offense; *and*
>>
>> **(C)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for that, whichever is later.
>
> ☐ Pursuant to 18 U.S.C. § 3142(e)(3) *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:
>
>> ☐ **(A)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
>>
>> ☐ **(B)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
>>
>> ☐ **(C)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;
>>
>> ☐ **(D)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; *or*
>>
>> ☐ **(E)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**Factors to Be Considered**

The United States may present arguments, proffer evidence, or provide testimony at the scheduled detention hearing supporting the detention of the defendant including, but not limited to:

☒ The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm or destructive device. (18 U.S.C. § 3142(g)(1)).

☒ The weight of evidence against the defendant. (18 U.S.C. § 3142(g)(2)).

☒ The history and characteristics of the defendant including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning court proceedings. (18 U.S.C. § 3142(g)(3)(A)).

☐ Whether, at time of the current offense or arrest, the defendant was on probation, parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law. (18 U.S.C. § 3142(g)(3)(B)).

☐ The nature and seriousness of danger to any person or to the community that would be posed by the defendant's release. (18 U.S.C. § 3142(g)(4)).

☐ The defendant's lack of legal status in the United States. The defendant's legal status is:

☐ How the defendant would be subject to removal or deportation after serving a period of incarceration.

☐ The defendant's significant family or other ties outside of the United States.

☐ The defendant's use of aliases or false documents.

☐ The defendant's prior attempts to evade law enforcement.

☐ How the defendant's proposed residence, employment, or proposed treatment programs have not been verified.

☐ The defendant's prior failures to appear for court proceedings.

☒ Other reasons including:

In February 2014, the Federal Trade Commission ("FTC") initiated a civil action in U.S. District Court for the District of Utah against co-defendants Nemrow, Gannuscia, and their business, and a number of other individuals and entities (2:14-cv-00088-DB). An amended complaint filed in the case charged that Nemrow and Gannuscia participated

in deceptive acts or practices in violation of federal law in the marketing of services to consumers throughout the United States. As detailed in the pending Indictment in the current criminal case, the Defendants participated in deceptive acts or practices in violation of federal law targeting consumers in the United States.

In April 2018, Nemrow and Gannuscia entered into a stipulated permanent injunction with the FTC. An order, signed by the Honorable Dee Benson, was issued on or about April 27, 2018. (ECF 387). Pursuant to the order, Nemrow and Gannuscia were enjoined from a number of activities to include credit card laundering; making, or assisting others in making, directing or by implication, any false or misleading statement in order to obtain Payment Processing Services; and engaging in any tactics to avoid fraud and risk monitoring programs established by any financial institution, acquiring bank, or the operators of any payment system, including tactics such as balancing or distributing sales transactions among multiple merchant accounts or merchant billing descriptors, or using shell companies to apply for a merchant account.

After Judge Benson issued the Injunction Order in April 2018, the defendants, including Knudson enabled Nemrow and Gannuscia to violate the Injunction on a daily basis for years. Knudson and his co-conspirators engaged in thousands of fraudulent and deceptive acts during the conspiracy. The United States has substantial evidence of Knudson's involvement in the charged scheme and conspiracies, to include his direct involvement in the fraud to acquire payment processing services and merchant accounts. During the conspiracy, the Defendants obtained and laundered more than $100 million in credit card processing as a result of the scheme

Knudson concealed Nemrow and Gannuscia's involvement in the scheme from government agencies and assisted in providing false information to government agencies. (See Attachments A and B). Knudson sent an email purporting to be an FTC prosecutor and even created an email account that purported to be an FTC email address (See Attachment C). Knudson filled out false applications and forged signatures for hundreds of merchant processing accounts in an attempt to obstruct the merchant processor's due diligence efforts. Knudson created and obtained numerous email accounts and posed as other people to merchant processors. (See Attachment D for one example). Knudson lies to government agencies and his efforts to pose as an FTC prosecutor demonstrate a serious risk that Knudson will obstruct justice or attempt to obstruct justice.

## Victim Notification

☐ The United States has notified any identified victim, or attempted to do so, pursuant to 18 U.S.C. § 3771.

    The position of the victim(s) on the detention of the defendant is:

    ☐ The victim(s) in this matter seek(s) a no contact order.

☒ This matter does not involve a victim requiring notification.

DATED this 12th day of December 2022.

TRINA A. HIGGINS
UNITED STATES ATTORNEY

*/s/ Jamie Z. Thomas*
JAMIE Z. THOMAS
JENNIFER K. MUYSKENS
CY H. CASTLE
Assistant United States Attorneys

**From:** Brent Knudson <brentknudson@gmail.com>
**To:** Ao Pauga <apauga@utah.gov>
**Cc:** Lyman Crisler <crisler.lyman@gmail.com>
**Subject:** Re: Complaint #85411
**Date:** Mon, 4 Dec 2017 14:13:39 -0700

---

**Would you let me know what, why and how Jones' account was charged by these several sites?**

Ms. Jones account was initially charged $68.95 on 2/18/2016 over the REALNUTRIT merchant account. This merchant account was then terminated in March, so the subsequent rebill was then processed over another merchant account affiliated with Alpha Depot. This is the reason why Ms. Jones' was charged over different merchant accounts. They were all merchant accounts that were affiliated with Alpha Depot and used becuase the original merchant was terminated.

**Would you provide the website where Jones ordered these products from and are those website still active?**

The original site was realnutritionresults.com, but it is no longer active. It hasn't been active for over a year.

**Would you check if these accounts have been refunded?**

Most of the charges have been refunded. The remaining has to be sent out via money order due to the fact that the merchant account has been terminated and in no longer able to process refunds. This money order will be sent out this week.

**Would you explain the purpose of the addresses in Cedar City and St. George?**

I do not know about the Cedar City address, but the St. George address is the fulfillment center that we use.

**Would you let me know if Phillip Gannuscia or Jessica Bjarnson is a part of your organization including these websites?**

Phillip Gannuscia and Jessica Bjarnson are not involved in our organization.

On Tue, Nov 21, 2017 at 12:42 PM, Ao Pauga <apauga@utah.gov> wrote:
> Lyman,
>
> This is to follow up with the conversation we had in your office yesterday.
>
> The name of the consumer who purchased the products was Ann Jones from Salt Lake City Utah.
>
> Jones states that she ordered products from the following website.
> slendersatisfaction.conm ($19.95)
> myhottiebody.com ($49.99)
> secret2getfit.com ($2,95)
> perfectfitnessessecret.com (9.95)
> stayathomesuccess.com ($97.00)
>
> When she received the card statement, she saw charges by several other companies or websites that she did not authorized.
> my perfection system $19.74
> performax gyms $42.63
> simple health answer $19.74
> allnatural-phytoceramides $19.74
> allnatural-phytoceramides $19.74
> realnutrit $10.00
> amazing life control $19.74
> realnutrit $68.95



GOVERNMENT
EXHIBIT
**01**
22-CR-481

statement is attached for your record.

Would you let me know what, why and how Jones' account was charged by these several sites?
Would you provide the website where Jones ordered these products from and are those website still active?
Would you check if these accounts have been refunded?
Would you explain the purpose of the addresses in Cedar City and St. George?
Would you let me know if Phillip Gannuscia or Jessica Bjarnson is a part of your organization including these websites?

As we discussed yesterday, one of the main concerns we have is the issue with the trial offer. If you are doing any trial offer, you need to let us know.

You need to post your refund policy on the check-out page or first page of the contract as required by the Rules. I think it is better to put on the check-out page.

Please provide a response within ten days. If you have any questions, don't hesitate to contact me.

Thank you,

Ao Pauga, Investigator

801-530-6601
801-530-6001 (fax)
apauga@utah.gov

Utah Division of Consumer Protection
160 East 300 South
Salt Lake City UT 84114

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (801) 530-6601 or by replying to this email. Also please delete the original email. Thank you.

--
Brent Knudson
801 369 0349

**From:** Brent Knudson <brentknudson@gmail.com>
**To:** Kasey Jackson <kcbohdi@hotmail.com>
**Subject:** Re: Fw: Complaint #90556
**Date:** Fri, 24 Aug 2018 15:14:01 -0600

Here's what you should send to Ao

Ao,

I am responding to your inquiry about Mr. Roofner. I have gone through our records to see what occured with this customer. According to our records this customer purchased our product on May 14, 2016. He was then refunded on Dec 29, 2016. As for the other merchants, I cannot speak for them. I did speak with the company that performed customer service for us in 2016 and they did mention to me that this customer had been refunded many times from other merchants. Our company stopped doing business at the end of 2016. Because of that, our website and phone number have been discontinued. I am sorry I don't have more information for you, but it's been almost 2 years since we were involved with this business, and we all have moved on.

Kasey Jackson

On Tue, Aug 21, 2018 at 12:37 PM Kasey Jackson <kcbohdi@hotmail.com> wrote:

> **From:** Ao Pauga <apauga@utah.gov>
> **Sent:** Tuesday, August 14, 2018 9:43 PM
> **To:** kcbohdi@hotmail.com
> **Subject:** Complaint #90556
>
> Mr. Jackson,
>
> I understand that you are checking with your customer service regarding a refund for Roofner.
>
> Our office needs to more information from you regarding your company. Roofner's account was charged several times for $9.74 then it increased to $19.74 for five months then raised against to $19.95 for another three months. Would you explain how these charges occurred and why the charges were from different merchants. Roofner's account was charged for a total of $345.99. We need to know the website that Roofner ordered the product from and what his your customer service phone number.
>
> Thank you,
>
> Ao Pauga, Investigator
>
> 801-530-6601
> 801-530-6001 (fax)
> apauga@utah.gov
>
> Utah Division of Consumer Protection
> 160 East 300 South
> Salt Lake City UT 84114



GOVERNMENT EXHIBIT
02
22-CR-481

The information contained in this electronic mail message is confidential information intended only for the use of the individual or entity named above and may be privileged. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone (801) 530-6601 or by replying to this email. Also please delete the original email. Thank you.

--

Brent Knudson
801 369 0349

**From:** Brent Knudson <brentknudson@gmail.com>
**To:** Phillip@usetarget.com, Lyman Crisler <crisler.lyman@gmail.com>
**Subject:** Fwd: Important Questions
**Date:** Mon, 02 Apr 2018 03:58:19 +0000

---

This is what I sent to TJ.

---------- Forwarded message ---------
From: FTC <a.conway@ftc.com>
Date: Sun, Apr 1, 2018, 9:29 PM
Subject: Important Questions
To: <tjriskas3@gmail.com>

Mr. Riskas,

Allow me to introduce myself, my name is Allan Conway. I am the executive prosecutor for the newly formed Division of Merchant Processing Fraud Protection, a joint task force with the FTC, SEC and the Department of the Treasury. Our mandate is to oversee the field of merchant processing. We have been instructed to determine potential threats, enact new guidelines and regulations, and to reopen previous cases that we do not believe were handled properly.

In our most recent investigation your name has come up multiple times. We know that you recently settled a case with the FTC, but we have come to the conclusion that we are going to have to reopen that case and prosecute it again. The FTC is not satisfied with the outcome, and we feel that your involvement was incorrectly downplayed. We are also extremely interested in your dealings with Card Plus, Washed, Xdrive, and Ion Solar. We are concerned that your involvement in these enterprises might be linked to high level credit card fraud and money laundering. We know that you we are business partner with Luke Battiloro in 2014. Mr. Battiloro has been an FTC informant for years and he has implicated you in many high level dealings.

I will be reaching out to you tomorrow to coordinate a time for us to have a formal meeting. I will be in the Salt Lake City area on Thursday and I need to ask you some important questions. As of right now, you have not been found guilty of anything, but we are very confident that we have enough evidence to make a compelling case before a grand jury. Your cooperation will help to minimize possible fines and limit potential prison time. I will be calling you tomorrow morning at 7:00 AM EST. Please be forthcoming and accommodating and we will make this as painless as possible.


Sincerely,


Allan Conway
Executive Prosecutor
Federal Division of Merchant Processing Fraud Protection
801-369-0349
a.conway@ftc.com



GOVERNMENT
EXHIBIT
03
22-CR-481

############## * Google Confidential and Proprietary * ##############

# GOOGLE SUBSCRIBER INFORMATION

Google Account ID: 510166427482
Name: Reggie Du Pont
Given Name: Reggie
Family Name: Du Pont
e-Mail: reggiedupont@gmail.com
Alternate e-Mails:

Created on: 2008-12-17 18:32:57 Z
Terms of Service IP: 67.183.158.199
Terms of Service Language: en
Birthday (Month Day, Year): - -, -

Services: Web & App Activity, Gmail, Google Hangouts, iGoogle, Google Calendar
Unregistered Services:

Deletion Date:
Deletion IP:

Status: Enabled
Last Updated Date: 2018-04-06 03:42:51 Z
Last Logins: 2018-04-06 03:42:51 Z, 2017-12-19 17:12:28 Z

## ACCOUNT RECOVERY

Contact e-Mail: reggiedupont@gmail.com
Recovery e-Mail: brentknudson@gmail.com
Recovery SMS:

## PHONE NUMBERS

Signin Phone Numbers:
User Phone Numbers:
2-Step Verification Phone Numbers:

## DEVICE INFORMATION

No Devices

## IP ACTIVITY

No User IP Logs

## MADISON INFORMATION

### MADISON ADMIN INFORMATION

### OUTSTANDING MADISON INVITATION INFORMATION



GOVERNMENT EXHIBIT
04
22-CR-481